### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ANDREW SOSA,** | : | |
| | : | |
| Plaintiffs, | : | Case No.3:24-cv-01203-L |
| | : | |
| v. | : | Judge Sam A. Lindsey |
| | : | |
| **AT&T,** *et al.***,** | : | |
| | : | |
| Defendants. | : | Magistrate Judge Rebecca Rutherford |

### DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER

Plaintiff Andrew Sosa ("Plaintiff") filed his Amended Complaint in Texas State court alleging claims of "copyfraud" and copyright infringement. Defendant Warner Bros. Entertainment Inc. ("Warner Bros.") with the consent of Google LLC ("Google") (together, "Defendants") filed a notice to remove the case to this Court.

Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted. This action should be dismissed because Plaintiff failed to commence this action within the one-year contractual limitations period required by the Terms of Service Plaintiff agreed to prior to posting the subject video. Further, "Copyfraud" is not a recognized cause of action and therefore must be dismissed. Plaintiff's copyright infringement claim must also be dismissed because he has failed to allege facts to show that he holds and has registered a copyrighted work, or that Defendants reproduced or disseminated any of his work. Finally, while Plaintiff did not bring claims under the Digital Millennium Copyright Act, any such claim would also be futile as Plaintiff cannot prove that Warner Bros. acted with the requisite mental intent in issuing a takedown notice.

In the alternative, if the Court declines to grant Defendants' Motion to Dismiss, Defendants respectfully move the Court to transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), as Plaintiff is contractually required by the Terms of Service to bring his claims in Santa Clara County, California.

For these reasons, and those discussed in the attached Memorandum in Support, Defendants request that this Court dismiss Plaintiff's Amended Complaint with prejudice. Alternatively, Defendants request that this Court transfer the case to the Northern District of California.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

/s/ Jason Mueller
Jason Mueller [TBN 24047571]
jmueller@vorys.com
909 Fannin Street, Suite 2700
Houston, TX  77010
T:  713.588.7000
F:  713.588.7050

**Counsel for Warner Bros. Entertainment, Inc.**

PERKINS COIE LLP

/s/ Jordan Surratt
Jordan Surratt [TBN 24083925]
jsurratt@perkinscoie.com
500 N. Akard Street, Ste. 3300
Dallas, TX 75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7793

**Counsel for Google, LLC**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ANDREW SOSA,** | : | |
| | : | |
| Plaintiffs, | : | Case No.3:24-cv-01203-L |
| | : | |
| v. | : | Judge Sam A. Lindsey |
| | : | |
| **AT&T,** *et al.***,** | : | |
| | : | |
| Defendants. | : | Magistrate Judge Rebecca Rutherford |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, MOTION TO TRANSFER

# TABLE OF CONTENTS

**Page**

I.   FACTUAL BACKGROUND ................................................................................1

II.  Motion to Dismiss for Failure to State a Claim .............................................3

    A.   Legal Standard ............................................................................... 3

    B.   The Court Should Take Judicial Notice of The Terms of Service......................... 4

    C.   Plaintiff's Claims are Barred by the One-Year Limitation Contained in the Terms of Service ....................................................................... 5

    D.   Plaintiff Cannot Pursue a Claim for "copyfraud" as There is No Such Cause of Action.......................................................................... 7

    E.   Plaintiff has Not Pleaded His Claims with Particularity......................................... 7

    F.   Plaintiff has Failed to Plead the Elements Required to Prevail on a Claim of Copyright Infringement ......................................................... 8

    G.   Even if Plaintiff Intended to Bring a DMCA Claim, it Too Must be Dismissed.... 9

    H.   Plaintiff's Amended Complaint should be dismissed with prejudice. ................. 10

III. Alternatively, Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)................................11

    A.   Legal Standard ............................................................................. 11

    B.   Plaintiff Agreed to the Forum-Selection Clause, which Applies to Plaintiff's Claims .................................................................... 12

IV.  CONCLUSION .....................................................................................13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adriana's Ins. Servs. Inc. v. Auto Int'l Ins. Agency, Inc.*,
  2023 U.S. Dist. LEXIS 208056 (C.D. Cal. Aug. 18, 2023) ...................................................... 8

*Al-Ahmed v. Twitter, Inc.*,
  603 F. Supp. 3d 857 (N.D. Cal. 2022) ................................................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 3

*Ashland, Inc. v. Achiever Bus. Sols., Inc.*,
  No. C2-05-247, 2005 WL 8161380 (S.D. Ohio Dec. 20, 2005) .............................................. 5

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*,
  134 S. Ct. 568, 578-79 (2013) ............................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 3

*Birl v. Estelle*,
  660 F.2d 592 (5th Cir. 1981) ................................................................................................. 3

*Braspetro Oil Servs. Co. v. Modec (USA), Inc.*,
  240 Fed.Appx. 612 (5th Cir. 2007) (per curiam) ................................................................... 11

*Cabell v. Zimmerman*,
  2010 U.S. Dist. LEXIS 25486 (S.D.N.Y. Mar. 12, 2010) .................................................. 8, 9

*Campbell v. Wells Fargo Bank, N.A.*,
  781 F.2d 440 (5th Cir. 1986) ................................................................................................. 3

*Cinel v. Connick*,
  15 F.3d 1338 (5th Cir. 1994) ................................................................................................. 4

*Cooper v. Harvey*,
  108 F. Supp. 3d 463 (N.D. TX. 2015) ................................................................................... 8

*DC Comics v. Towle*,
  802 F.3d 1012 (9th Cir. 2015) ............................................................................................... 10

*Entous v. Viacom Int'l, Inc.*,
  151 F. Supp. 2d 1150 (C.D. Cal. 2001) ................................................................................. 5

*ENTTech Media Grp. LLC v. Okularity, Inc.*,
  2021 U.S. Dist. LEXIS 45118 (C.D. Cal. Mar. 10, 2021) ...................................................... 9

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Evox Prods. LLC v. Chrome Data Sols.*,
    LP, No. 16-cv-00057-JR, 2021 WL 1406879 (D. Or. Mar. 3, 2021) ........................................5

*Flynn v. State Farm Fire & Cas. Ins. Co.*,
    605 F. Supp. 2d 811 (W.D. TX. 2009) ...................................................................7

*Force v. Facebook, Inc.*,
    934 F.3d 53 (2d Cir. 2019).................................................................................4

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881 (2019).......................................................................................8

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) .............................................................................4

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
    571 U.S. 99 (2013)...........................................................................................5

*Hoi v. Kuo-Hua*,
    2023 U.S. Dist. LEXIS 141476 (N.D. TX. June 27, 2023) ...................................10

*Huisen v. Clinton Admin.*,
    2024 U.S. Dist. LEXIS 18833 (E.D. Cal. Feb. 2, 2024)........................................7

*Jones v. Greninger*,
    188 F.3d 322 (5th Cir. 1999) ...........................................................................10

*Lenz v. Universal Music Corp.*,
    572 F. Supp. 2d 1150 (N.D. Cal. Aug. 20, 2008) .................................................9

*Lewis v. Fresne*,
    252 F.3d 352 (5th Cir. 2001) .............................................................................3

*MaxEn Capital, LLC v. Sutherland*,
    No. H–08–3590, 2009 WL 936895 (S.D.Tex. Apr. 3, 2009) .................................12

*McGucken v. Newsweek LLC*,
    464 F. Supp. 3d 594 (S.D.N.Y. 2020)..................................................................4

*NAFRA Worldwide, LLC v. Home Depot U.S.A., Inc.*,
    No. 1:12-cv-02808-AT, 2013 WL 12098772 (N.D. Ga. Aug. 29, 2013) .................5

*Norris v. Hurst Trust*,
    500 F.3d 454 (5th Cir. 2007) .........................................................................3, 4

*NRA v. Ackerman McQueen, Inc.*,
    2020 U.S. Dist. LEXIS 168141 (N.D. TX. Sept. 14, 2020)....................................7

iii

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Order of United Com. Travelers of Am. v. Wolfe*,
　331 U.S. 586 (1947) ....................................................................................................5

*Ortiz v. N.M. Dep't of Cultural Affairs*,
　2018 U.S. Dist. LEXIS 15918 (D. NM. Jan. 31, 2008) ...........................................7

*Parsons v. Horace Mann Educators Corp.*,
　2019 U.S. Dist. LEXIS 87032 (N.D. TX. May 3, 2019) ........................................10

*Pennzoil Exploration and Production Company v. Ramco Energy Limited*,
　139 F.3d 1061 (5th Cir.1998) ...............................................................................12

*Pinnacle Interior Elements, Ltd. v. Panalpina*,
　No. 3:09–CV–0430–G, 2010 WL 445927 (N.D.Tex. Feb. 9, 2010) ......................11

*R2 Invs. LDC v. Phillips*,
　401 F.3d 638 (5th Cir. 2005) ..................................................................................3

*Sapon v. DC Comics*,
　2002 U.S. Dist. LEXIS 5395 (S.D.N.Y. Mar. 28, 2002) ........................................10

*Schneider v. YouTube*,
　LLC, 649 F. Supp. 3d 872 (N.D. Cal. 2023) ...........................................................5

*Shande v. Zoox, Inc.*,
　2023 U.S. Dist. LEXIS 141606 (N.D. Cal. Aug. 14, 2023) .....................................8

*Stinger v. Chase Bank, USA, NA*,
　265 Fed.Appx. 224 (5th Cir. 2008) (per curiam) ...................................................11

*YouTube, LLC v. Recording Indus. Ass'n of Am., Inc.*,
　No. 3:20-CV-1602 (SRU), 2022 WL 4599203 (D. Conn. Sept. 30, 2022) ..............4

**STATUTES**

17 U.S.C. § 507(b) ..........................................................................................................5

28 U.S.C. § 1331 .............................................................................................................1

28 U.S.C. § 1404(a) ...................................................................................................1, 11

28 U.S.C. § 1441(b) ........................................................................................................1

**RULES**

Fed. Civ. R. 9(b) .............................................................................................................7

Federal Rule of Civil Procedure 12(b)(6) ...............................................................1, 3, 4

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Federal Rule of Evidence 201 ........................................................................................................3

Federal Rule of Evidence 201(b)(2) ..............................................................................................4

167478191.1

Defendants Warner Bros. Entertainment, Inc. ("Warner Bros.") and Google LLC ("Google") (together, "Defendants") move to dismiss this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## I.      FACTUAL BACKGROUND

On February 26, 2024, Plaintiff, proceeding *pro se*, filed suit in the District Court of Dallas County, 191ˢᵗ Judicial District, under the assigned style *Andrew Sosa v. AT&T, et al*., Cause No. DC-24-02966, naming Google, LLC ("Google"), Warner Brothers Entertainment, Inc. ("Warner Bros."), YouTube, LLC ("YouTube"), and AT&T as Defendants[1].  *See* Plaintiff's Original Complaint.  (Dkt No. 1, PageID: #14).  Plaintiff asserted claims for "copyfraud and copyright infringement", alleging that on February 28, 2022, "Youtube/Google & Warner Bros worked in tandem to illegally copyright strike my Youtube channel, taking down my Batman review video." *See* Plaintiff's Amended Complaint.  (Dkt No. 1, PageID: #34).  Plaintiff alleges that such actions prevented him from realizing "the income the video potentially could have made if it had been left alone."  *Id*.  Plaintiff requests a total of $19,999,00 in damages split evenly between Warner Bros. and "YouTube/Google."  *Id*.

On May 20, 2024, Warner Bros., with the consent of Google, timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) because the causes of action asserted by Plaintiff involve a federal question within the meaning of 28 U.S.C. § 1331.  *See* Notice of Removal (Dkt No. 1).

Through its wholly-owned subsidiary, Google operates YouTube, an online video-sharing and video-hosting platform that allows users to view, upload, share, and comment on videos.  *See*

---

[1] To date, Google and Warner Bros. do not believe that any other named defendant has been served with process.

Declaration of Raquel Small ("Small Decl."), ¶ 2; *see also* <https://www.youtube.com/>. YouTube users can create "channels," to which they may upload content that they own or have the right to distribute. *See* Small Decl., ¶ 2. In order to create a channel and upload content to YouTube, users are required to sign up for the service and accept Google's online Terms of Services Agreement ("Terms of Service"). *Id*. The Terms of Service have been modified from time to time over the years. *Id*.

Plaintiff accepted the Terms of Service on May 9, 2018, when he created his YouTube account. *Id*. ¶ 3. A true and accurate copy of the Terms of Service in effect as of May 9, 2018 ("2018 TOS") are attached to the Declaration of Raquel Small as <u>Exhibit 1</u> and is publicly available at <https://web.archive.org/web/20180508095050/https://www.youtube.com/t/terms>. *Id*. ¶ 4; <u>Ex. 1, Appx. P. 01-04</u>. The 2018 TOS provides that "YouTube may, in its sole discretion, modify or revise these Terms of Service and policies at any time, and you agree to be bound by such modifications or revisions." *Id*. ¶ 4; <u>Ex. 1, Appx. P. 01, Section (1(B))</u>.

A true and correct copy of the Terms of Service in effect on February 28, 2022 ("2022 TOS"), the date Plaintiff alleges the Batman review video ("Batman Video") was improperly taken down, is attached to the Declaration of Raquel Small as <u>Exhibit 2</u> and is publicly available at <https://www.youtube.com/t/terms?archive=20220105>. *Id*. ¶ 5; <u>Ex. 2, Appx. P. 05-20</u>.

A true and correct copy of the Terms of Service currently in effect ("Current TOS") is attached to the Declaration of Raquel Small as <u>Exhibit 3</u> and is publicly available at <https://www.youtube.com/static?template=terms>, on the sidebar of the YouTube homepage, <https://www.youtube.com/>, and elsewhere throughout the YouTube website. *Id*. ¶ 6; <u>Ex. 3, Appx. P. 21-36</u>.

The 2018 TOS, 2022 TOS, and Current TOS each contain provisions requiring Plaintiff to commence any action within one-year after the date of accrual and to litigate exclusively in the federal or state courts of Santa Clara County, California.  *Id.* ¶¶ 4, 7; Ex. 1, Appx. P. 04, Section (14); Ex. 2, Appx. P. 19; Ex. 3, Appx. P. 35.

## II.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.     Legal Standard

Dismissal under Rule 12(b)(6) is warranted if the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating motions to dismiss filed under Rule 12(b)(6), the court "must accept all well-pleaded facts as true, and ... view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986).  Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).  While the Court liberally construes the pleadings of *pro se* litigants in conducting a Rule (12)(b)(6) analysis, *pro se* parties are not exempt from complying with court rules of procedural and substantive law.  *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer .... Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." (citations omitted)).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to or incorporated by reference in the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Norris v.*

3

*Hurst Trust*, 500 F.3d 454, 461, n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640, n. 2 (5th Cir. 2005).

     **B.**     **The Court Should Take Judicial Notice of The Terms of Service**

In deciding a rule 12(b)(6) Motion to Dismiss, the Court may take judicial notice of matters of public record pursuant to Federal Rule of Evidence 201(b)(2). *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

Matters of public record that are proper subjects of judicial notice include a corporation's online, publicly available terms of service. *YouTube, LLC v. Recording Indus. Ass'n of Am., Inc.*, No. 3:20-CV-1602 (SRU), 2022 WL 4599203, at *10 (D. Conn. Sept. 30, 2022) (taking judicial notice of YouTube's Terms of Service to "corroborate [Court's] understanding of YouTube's technology without supplementing the allegations" in complaint); *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's Terms of Use because the terms are "publicly accessible") (citing Fed. R. Evid. 201(b)(2)); *Force v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019) (finding that Facebook's publicly available Terms of Service and Community Standards were subject to judicial notice); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022) (taking judicial notice of Twitter's publicly available terms of service).

The 2018 TOS, 2022 TOS, and Current TOS are each publicly available.  S*ee* Small Decl.,

¶¶ 4-6.  Defendants therefore request that the Court take judicial notice of the Terms of Service.

### C.  Plaintiff's Claims are Barred by the One-Year Limitation Contained in the Terms of Service

The Plaintiff's allegations, even if taken as true, warrant dismissal because Plaintiff's

claims were not brought within the one-year limitations period set forth in the Terms of Service.

"[S]tatutes of limitations provide only a default rule that permits parties to choose a shorter

limitations period." *Heimeshoff v. Hartford Life & Acc. Ins. Co*., 571 U.S. 99, 107 (2013).  "'[I]n

the absence of a controlling statute to the contrary, a provision in a contract may validly limit,

between the parties, the time for bringing an action on such contract to a period less than that

prescribed in the general statute of limitations, provided that the shorter period itself shall be a

reasonable period.'" *Id*. (quoting *Order of United Com. Travelers of Am. v. Wolfe*, 331 U.S. 586,

608 (1947)).

The Copyright Act does not expressly prohibit such shortening.  *See* 17 U.S.C. § 507(b).

Consequently, district courts have applied shortened contractual limitations periods to federal

copyright infringement claims.  *See, e.g., Entous v. Viacom Int'l, Inc.*, 151 F. Supp. 2d 1150, 1154-

56 (C.D. Cal. 2001) (applying six-month contractual limitations period); *Evox Prods. LLC v.

Chrome Data Sols*., LP, No. 16-cv-00057-JR, 2021 WL 1406879, at *5-6 (D. Or. Mar. 3, 2021)

(applying two-year contractual limitations period); *NAFRA Worldwide, LLC v. Home Depot

U.S.A., Inc.*, No. 1:12-cv-02808-AT, 2013 WL 12098772, at * 11 (N.D. Ga. Aug. 29, 2013)

(applying one-year contractual limitations period); *Ashland, Inc. v. Achiever Bus. Sols., Inc*., No.

C2-05-247, 2005 WL 8161380, at *4 (S.D. Ohio Dec. 20, 2005) (same); *Schneider v. YouTube*,

LLC, 649 F. Supp. 3d 872, 887 (N.D. Cal. 2023) (same).  Such reductions may also apply to claims

against non-signatories to the contract.  *See e.g. Davis v. Valsamis, Inc*., 752 Fed. Appx. 688, 696

(11th Cir. 2018) (enforcing notification requirements and a reduction in the statute of limitation to claims against a non-signatory).

In order to upload content to YouTube, Plaintiff was required to accept the Terms of Service, and in fact did accept the Terms of Service.  Small Decl., ¶ 3.  The Terms of Service contain the following one-year limitation:

> YOU AND YOUTUBE AGREE THAT ANY CAUSE OF ACTION ARISING OUT OF OR RELATED TO THE SERVICES MUST COMMENCE WITHIN ONE (1) YEAR AFTER THE CAUSE OF ACTION ACCRUES.  OTHERWISE, SUCH CAUSE OF ACTION IS PERMANENTLY BARRED.

*Id*. ¶¶ 4, 7; Ex. 1, Appx. P. 01, Section(1)(A); Ex. 2, Appx. P. 19, Appx. P. 06 (defining "Services" as "using or visiting the YouTube website or any YouTube products, software, data feeds, and services provided to you on, from, or through the YouTube website") & Ex. 3, Appx. P. 35, Appx. P. 22 (defining "Services" as "using the YouTube platform and the products, services and features we make available to you as part of the platform").

The Terms of Service govern the relationship between Plaintiff and Google, including Plaintiff's claims for copyfraud and copyright infringement that solely concern a video that he uploaded to his YouTube channel.  *See* Amended Complaint (Dkt No.1, PageID: #34) (alleging, "YouTube/Google & Warner Bros worked in tandem to illegally copyright strike my YouTube channel, taking down my Batman review video.").  As a result, the one-year contractual limitations period contained in Terms of Service apply to this action and to each of Plaintiff's claims.

Plaintiff alleges that the Batman Video was improperly taken down on February 28, 2022, but he did not commence this action until February 26, 2024, well over the one-year contractual limitations period.  *See* Original Complaint (Dkt No. 1, PageID: #14) (file stamped February 26, 2024); *see also* Amended Complaint (Dkt No. 1, PageID: #33) (stating, "Date of violation: 2/28/2022").

Accordingly, Plaintiff's Complaint and all claims alleged therein must be dismissed with prejudice as time-barred as well.

### D.      Plaintiff Cannot Pursue a Claim for "copyfraud" as There is No Such Cause of Action

Plaintiff's claim for "copyfraud" must be dismissed as it fails to state a claim upon which relief can be granted.  There is no cause of action for "copyfraud."  *Ortiz v. N.M. Dep't of Cultural Affairs*, 2018 U.S. Dist. LEXIS 15918, *21 (D. NM. Jan. 31, 2008) (rejecting the existence of a cause of action for "copyfraud").  When a party fails to allege a recognized cause of action, the claim must be dismissed for failure to state a claim.  *See Flynn v. State Farm Fire & Cas. Ins. Co.*, 605 F. Supp. 2d 811, 817 (W.D. TX. 2009) (dismissing a claim which was not recognized under Texas law); *Huisen v. Clinton Admin.*, 2024 U.S. Dist. LEXIS 18833, *3 (E.D. Cal. Feb. 2, 2024) (dismissing a complaint which failed to assert any recognized legal claims).

Plaintiff's barebones Amended Complaint asserts a claim for "copyfraud" which is not recognized as a legal cause of action under either Texas or California law.  As such, Plaintiff has failed to state a claim upon which relief may be granted and this claim must be dismissed with prejudice.

### E.      Plaintiff has Not Pleaded His Claims with Particularity

To the extent that Plaintiff's claim of "copyfraud" is an attempt to assert a fraud-based claim, such a claim must also be dismissed as it is not plead with particularity as required by Fed. Civ. R. 9(b); *see also NRA v. Ackerman McQueen, Inc.*, 2020 U.S. Dist. LEXIS 168141, *25 (N.D. TX. Sept. 14, 2020) (citations omitted).  Plaintiff has failed to identify any individual associated with any Defendant, the facts of any misrepresentations or conspiracies, the relevant time, or the means of communication and could not do so by amendment.  Thus, to the extent that Plaintiff's

reference to "copyfraud" is an attempt to assert a fraud-based claim, he has failed to plead the same with particularity and the claim must be dismissed.

### F.     Plaintiff has Failed to Plead the Elements Required to Prevail on a Claim of Copyright Infringement

Plaintiff has not alleged any facts sufficient to prove the elements for a claim of copyright infringement and therefore has failed to state a viable claim.  To prevail on a claim for copyright infringement, Plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Adriana's Ins. Servs. Inc. v. Auto Int'l Ins. Agency, Inc.*, 2023 U.S. Dist. LEXIS 208056, *12 (C.D. Cal. Aug. 18, 2023).  Plaintiff did not allege either of these elements.

First, Plaintiff does not assert that he holds any valid copyright.  Moreover, even if he does hold a copyright, Plaintiff has not alleged that he registered the copyright before bringing this suit which bars his ability to recover under a theory of copyright infringement.  *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."); *Adriana's Ins. Servs. Inc. v. Auto Int'l Ins. Agency, Inc*., 2023 U.S. Dist. LEXIS 208056, *13 (C.D. Cal. Aug. 18, 2023).  Therefore, Plaintiff cannot show that he has an enforceable copyright at this time.

As for the second element, Plaintiff does not allege that Defendants copied any element of his work.  Dissemination of a copied work is a requirement for a copyright infringement claim. *Shande v. Zoox, Inc*., 2023 U.S. Dist. LEXIS 141606, *10 (N.D. Cal. Aug. 14, 2023); *Cooper v. Harvey*, 108 F. Supp. 3d 463, 474 (N.D. TX. 2015) ("infringement requires an effort to disseminate a work subject to another's copyright.").  In considering a similar factual background, one Court found that removing a video from YouTube cannot form the basis of a copyright infringement

claim. *Cabell v. Zimmerman*, 2010 U.S. Dist. LEXIS 25486, *9 (S.D.N.Y. Mar. 12, 2010). Instead of reproducing his work, Plaintiff takes issue with Defendants removing his work. Yet, without any dissemination by Defendants, Plaintiff's claim for copyright infringement fails to state a claim.

Accordingly, because Plaintiff has failed to allege facts sufficient to show either of the required elements of copyright infringement, and cannot do so by amending his complaint, Defendants request that this Court dismiss Plaintiff's claim for copyright infringement with prejudice.

### G.   Even if Plaintiff Intended to Bring a DMCA Claim, it Too Must be Dismissed[2].

To prove a claim for improper takedown under the Digital Millennium Copyright Act ("DMCA"), Plaintiff must show that (1) the defendant knowingly and materially misrepresented that copyright infringement occurred; (2) a service provider relied on that misrepresentation; and (3) the plaintiff was injured as a result. *ENTTech Media Grp. LLC v. Okularity, Inc*., 2021 U.S. Dist. LEXIS 45118, *9 (C.D. Cal. Mar. 10, 2021). The first element also requires that the defendant acted in bad faith in misrepresenting that infringement occurred. *Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1155 (N.D. Cal. Aug. 20, 2008). That bad faith must be shown at the time that Warner Bros. sent the notice to YouTube. *See Cabell v. Zimmerman,* 2010 U.S. Dist. LEXIS 25486, *10 (S.D.N.Y. Mar. 12, 2010).

The only suggestion in the Amended Complaint related to Warner Bros.' mental intent was that "Warner Bros later admitted that the strike was done illegally, but the damage has already been done." Plaintiff has not made any allegations that Warner Bros. knowingly misrepresented

---

[2] Plaintiff did not bring a claim under the Digital Millennium Copyright Act and Defendants assert that they should not be forced to guess at what claims Plaintiff attempts to sue under. Yet, out of an abundance of caution, Defendants also move to dismiss any potential DMCA claim.

that Plaintiff infringed on its copyright at the time it issued the notice to YouTube.  *See Cabell*, 2010 U.S. Dist. LEXIS 25486, at *10.

Further, Plaintiff cannot show that Warner Bros. knew it was misrepresenting that Plaintiff had infringed on any Warner Bros. copyright because *Plaintiff* infringed on Warner Bros. copyright.  Plaintiff posted a video where he displayed images from Warner Bros. film, The Batman.  Courts have routinely found the Batman character is protected by copyright.  *DC Comics v. Towle*, 802 F.3d 1012, 1020-1021 (9th Cir. 2015) ("although James Bond's, Godzilla's, and Batman's 'costume and character have evolved over the years, [they have] retained unique, protectable characteristics' and are therefore entitled to copyright protection as characters."); *Sapon v. DC Comics*, 2002 U.S. Dist. LEXIS 5395, *11 (S.D.N.Y. Mar. 28, 2002) ("Batman's costume and character have evolved over the years, he has retained unique, protectable characteristics, such as the iconographic costume elements and his unique life story.").  In posting images of Batman without authorization, Plaintiff did infringe on the copyrights held by Warner Bros.

Therefore, even if this Court liberally reads Plaintiff's Amended Complaint to consider a DMCA claim, he still cannot prove the required mental element necessary to prevail on a DMCA claim.

### H.    Plaintiff's Amended Complaint should be dismissed with prejudice.

Plaintiff has already amended his pleading, prior to removal, to set out his best case. Dismissal with prejudice is proper where the relevant complaint already pleads the best case that plaintiff can assert.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Hoi v. Kuo-Hua*, 2023 U.S. Dist. LEXIS 141476, *5 (N.D. TX. June 27, 2023) ("if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a pro se complaint with prejudice.").  A prior amendment is proof that the plaintiff has already alleged his best case.  *See*

*Parsons v. Horace Mann Educators Corp.*, 2019 U.S. Dist. LEXIS 87032, *9 (N.D. TX. May 3, 2019).  Dismissal with prejudice is appropriate when no relief can be granted under any set of facts that could be proven consistent with the plaintiff's already pled allegations.  *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998).

Here, even after amendment, Plaintiff falls short of the requirements necessary to plead actionable claims against Defendants.  The facts alleged, even after an additional attempt at amending, show that Plaintiff has already pleaded his best case and yet another opportunity to amend will not assist Plaintiff in forming cognizable claims.  Considering the facts that Plaintiff has already pled, there is no possibility that he can succeed on any of his claims, as no set of facts could be proven consistent with Plaintiff's already pled allegations.  Any further amendment to Plaintiff's Amended Complain would be futile and should therefore be dismissed with prejudice.

### III.    Alternatively, Motion to transfer pursuant to 28 U.S.C. § 1404(a)

In the alternative, if the Court declines to grant the Motion to Dismiss, the Court should transfer this action to the United States District Court for the Northern District of California in accordance with the forum-selection clause contained in the Terms of Service.

### A.    Legal Standard

28 U.S.C. § 1404(a) is the proper mechanism to enforce a forum-selection clause that points to a particular federal district.  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. 568, 578-79 (2013).  When evaluating a motion to transfer venue, the Court must first determine whether a contractually valid forum-selection clause exists that applies to the present case.  *Id.* at 581 & n. 5; *Stinger v. Chase Bank, USA, NA*, 265 Fed.Appx. 224, 226–27 (5th Cir. 2008) (per curiam); *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 Fed.Appx. 612, 616 (5th Cir. 2007) (per curiam).  If such a forum-selection clause exists, the plaintiff must prove that extraordinary circumstances unrelated to the convenience of the parties exist that warrant denial

of transfer. *Atl. Marine Constr. Co.*, 134 S.Ct. at 575, 581 & n. 5. If no such extraordinary circumstances exist, the Court should grant the motion to transfer in accordance with the forum-selection clause. *Id.* at 575, 581.

**B.    Plaintiff Agreed to the Forum-Selection Clause, which Applies to Plaintiff's Claims**

The language of a forum-selection clause determines the scope of the forum-selection clause. *Braspetro Oil Servs.*, 240 Fed.Appx. at 616. Forum-selection clauses that apply to all disputes that "relate to" the contract are construed broadly. *Pinnacle Interior Elements, Ltd. v. Panalpina*, No. 3:09–CV–0430–G, 2010 WL 445927, at *5 (N.D.Tex. Feb. 9, 2010) (citing *Pennzoil Exploration and Production Company v. Ramco Energy Limited*, 139 F.3d 1061, 1067 (5th Cir.1998)). The scope is not limited to breach of the contract that contains the forum-selection clause. *MaxEn Capital, LLC v. Sutherland*, No. H–08–3590, 2009 WL 936895, at *6 (S.D.Tex. Apr. 3, 2009).

In order to create his YouTube account and upload content to YouTube, Plaintiff had to agree to the Terms of Service, and in fact did agree to the Terms of Service. Small Decl., ¶ 3. The 2022 TOS and Current TOS (which was agreed to by Plaintiff via his acceptance of the 2018 TOS and continued use of YouTube[3]) contain the following forum-selection clause:

> <u>All claims arising out of or relating to these terms or the Service</u> will be governed by California law, except California's conflict of laws rules, and <u>will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA</u>. You and YouTube consent to personal jurisdiction in those courts.

*Id.* ¶ 7, <u>Ex. 2, Appx. P. 19, Appx. P. 06</u> (emphasis added) (defining "Services" as "using or visiting the YouTube website or any YouTube products, software, data feeds, and services provided to you

---

[3] Small Decl., ¶ 4, <u>Ex. 1, Appx. P. 01, Section(1(B))</u> ("YouTube may, in its sole discretion, modify or revise these Terms of Service and policies at any time, and you agree to be bound by such modifications or revisions.").

12

on, from, or through the YouTube website) & Ex. 3, Appx. P. 35, Appx. P. 22 (emphasis added) (defining "Services" as "using the YouTube platform and the products, services and features we make available to you as part of the platform").

As discussed in Section II(C) *supra*, the Terms of Service governs the relationship between Plaintiff and Google, including his claims based on his use of YouTube.  *See* Amended Complaint (Dkt No.1, PageID: # 34) (alleging, "YouTube/Google & Warner Bros worked in tandem to illegally copyright strike my YouTube channel, taking down by Batman review video.").  As a result, the broadly construed forum-selection clause contained in the Terms of Service apply to Plaintiff's claims and this action should be litigated in the Northern District of California.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Warner Bros. Entertainment Inc. and Google LLC respectfully request that this Court dismiss Plaintiff Andrew Sosa's Amended Complaint with prejudice.  To the extent this action is not dismissed, Defendants request in the alternative that this case be transferred to the United States District Court for the Northern District of California.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Jason Mueller*
Jason Mueller [TBN 24047571]
jmueller@vorys.com
909 Fannin Street, Suite 2700
Houston, TX  77010
T:  713.588.7000
F:  713.588.7050

**Counsel for Warner Bros. Entertainment, Inc.**

PERKINS COIE LLP

13

*/s/ Jordan Surratt*
Jordan Surratt [TBN 24083925]
jsurratt@perkinscoie.com
500 N. Akard Street, Ste. 3300
Dallas, TX 75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7793

**Counsel for Google, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via the court's electronic filing system on this 28th day of May 2024.

*/s/ Jason Mueller*
Jason Mueller [TBN 24047571]

## CERTIFICATE OF CONFERENCE

I certify that on May 28, 2024, I conferred with *pro se* Plaintiff, and he opposes the foregoing motion.

*/s/ Jordan Surratt*
Jordan Surratt [TBN 24083925]

14